## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,

                    Plaintiff

      v.

JOHN WETZEL, et al.,

                 Defendants

CIVIL ACTION NO. 1:13-CV-00140

(CALDWELL, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

Plaintiff Patrick Horan is an inmate currently incarcerated at SCI-Benner and is proceeding *pro se*. During relevant times in this action, Horan was also incarcerated at SCI-Cresson and SCI-Frackville. On January 22, 2013, Horan filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Pending before this Court is Defendants' Motion to Dismiss. Having been fully briefed, this motion is ripe for disposition.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Horan's claims relate to events that took place when he was incarcerated at the State Correctional Institution at Frackville (SCI-Frackville). In his complaint, Horan names twenty-four employees of the Department of Corrections as Defendants, namely, John Wetzel, Shirley Moore-Smeal, Robert MacIntyre, Dorina Varner, James Barnacle, Robert Collins, Kenneth Cameron, Allan Kovalchik, Timothy Clark, Sharon Luquis, Lt. V. Mirarchi, Joanne Miranda, Gary Rosato, Sgt. Hardy, Sgt. Suzadail, Sgt. O'Day, Kirk Bearjar, Jerry Casner, Warford, Covington, Eidem, Serginski, Gaile, and Dorzinsky. Horan

alleges that at various times his rights were violated under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution by these Defendants.

Horan's claims arise from an incident that occurred on October 9, 2010, at SCI-Frackville. On October 9, 2010, Horan alleges that fellow inmate, Wayne Liddick, was harassed and injured by Defendants Eidem and Hardy. (Doc. 1, Compl. ¶ 18-21). Hogan asserts that immediately following the assault, he filed several grievances on behalf of Liddick, and as a result, Hogan was then subjected to retaliatory harassment. (Doc. 1). Additionally, Hogan states that another fellow inmate at SCI-Frackville, David Chacko, was a witness to these retaliatory events and the harassment against Liddick. (Doc. 1).

Horan alleges numerous incidents of retaliation, including retaliatory transfer, retaliatory cell searches, verbal threats, false block card reports, false misconduct reports, refusals to call witnesses or being allowed to speak in his own defense, removal from work assignments, mail tampering, and being labelled a pedophile to provoke assaults with other inmates. (Doc. 1 at p. 2). Horan submits that these actions, including his transfer to another correctional institution, were done in retaliation for his having filed a grievance against Corrections Officer Eidem and Sergeant Hardy for their alleged assault on inmate Wayne Liddick.

On January 22, 2013, Horan filed this civil rights action. (Doc. 1). On April 1, 2013, Defendants filed a Motion to Dismiss Horan's complaint (Doc. 11), and a Brief in Support thereof on May 13, 2013. (Doc. 19). On May 23, 2013, Horan filed a Motion for Legal Correspondence with Possible Necessary Parties (Doc. 21) and Brief in Support. (Doc. 22). On June 11, 2013, he filed a Brief in Opposition to Defendants' Motion to Dismiss. (Doc.

27). On August 1, 2013, Horan filed a Motion to Compel a Response to Plaintiff's Motion for Legal Correspondence with Possible Necessary Parties and a Brief in Support of said Motion to Compel. (Doc. 29, Doc. 30). On August 9, 2013, Defendants filed a Notice to the Court stating they did not object to Plaintiff's Motion for Legal Correspondence. (Doc. 31). On August 25, 2013, this Court granted Horan's Motion for Legal Correspondence (Doc. 21) and denied his Motion to Compel as moot. (Doc. 29).

II.   **DISCUSSION**

A.   LEGAL STANDARD FOR MOTION TO DISMISS

Defendants have filed a motion to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions, and must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. The facts alleged in

the complaint must be sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Fowler*, 578 F.3d at 210-11.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

B. Claims against Defendants in their Official Capacities

Horan alleges claims against twenty-four Department of Corrections employees in both their individual and official capacities, but has not named the Department of Corrections as a defendant. Defendants argue that the Pennsylvania Department of Corrections should be dismissed from the matter because Horan has made no substantive factual allegations against the Department and because the Department of Corrections is protected by Eleventh Amendment immunity from being sued in federal court. (Doc. 19, Br. in Supp. at 2).

The Eleventh Amendment applies to claims asserted in federal court under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 342 (1979). It prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself. *Pennhurst State Schools and Hospital v. Halderman*, 465 U.S. 89 (1984); *Allegheny County Sanitary Authority v. United States*

*Environmental Protection Agency*, 732 F.2d 1167 (3d Cir. 1984). To the extent that the plaintiff seeks monetary damages, the defendants are immune under the Eleventh Amendment in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Accordingly, Horan's claims against the Pennsylvania Department of Corrections Defendants, as named in their official capacities seeking monetary relief, are barred by the Eleventh Amendment and subject to dismissal.

### C. Horan's Section 1983 Conspiracy Claims

Throughout the complaint, Horan alleges that Defendants conspired in their allegedly retaliatory actions against Plaintiff. Defendants do not address Horan's conspiracy claims in their Motion to Dismiss.

To sustain a conspiracy claim under section 1983, a plaintiff must establish that: (1) Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970); *Marchese v. Umstead,* 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000). Additionally, to "sufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Marchese,* 110 F. Supp. 2d at 371 (quoting *Panayotides v. Rabenold,* 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999)) (internal citations omitted). A plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of

events." *Marchese,* 110 F. Supp. 2d at 371 (quoting *Panayotides v. Rabenold,* 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999)) (internal citations omitted).

Horan's allegations in his Complaint do not support a plan or agreement of the defendants to conspire or engage in a corrupt plot to violate his civil rights. *See Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (finding that conspiracy claims which are based upon *pro se* plaintiff's subjective suspicions and unsupported speculation were properly dismissed under § 1915(d)); *see also Brown v. Hannah*, 850 F. Supp. 2d 471, 481 (M.D. Pa. 2012). Therefore, as an initial matter, this Court recommends that Horan's conspiracy claims be dismissed with prejudice.[2]

### D. HORAN'S FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT SERGINSKI

Horan has not included Defendant Serginski in his claims for relief, nor does he state on what basis he is seeking relief from this defendant. The only mention of Serginski in the Complaint is at paragraphs 66 and 68 where Horan states that he filed a grievance against Serginski for retaliation and harassment (Doc. 1, Compl. ¶ 66), and that Serginski issued a retaliatory falsified misconduct report against Horan that was eventually dismissed. (Doc. 1, Compl. ¶ 68). Although Horan does not allege specifically the grounds upon which he is

---

[2] Defendants did not move to dismiss any of Plaintiff's conspiracy claims. The Court addresses this issue and recommends dismissal of these claims *sua sponte*. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (The district court may on its own initiative enter an order dismissing an action provided that the complaint affords a sufficient basis for the court's action.)

claiming Serginski violated his rights, the Court reads the Complaint as alleging that Serginski filed a false misconduct report in retaliation for Horan having exercised a constitutional right.

A prisoner alleging retaliation in violation of the Constitution must satisfy three elements: (1) that he engaged in a constitutionally protected activity, *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001); (2) that he suffered some adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, *Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir. 2000) (citing *Suppan v. Dadonna,* 203 F.3d 228, 235 (3d Cir. 2000)); and (3) that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to" take the adverse action against him. *Rauser,* 241 F.3d at 333 (quoting *Mount Healthy Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). If a plaintiff establishes a prima facie case of retaliation, the burden then shifts to the prison officials to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if the plaintiff were not engaging in the constitutionally protected activities. *Rauser,* 241 F.3d at 334 ("Once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.")

Assuming Horan is alleging he was retaliated against for filing a grievance against Serginski, he has satisfied the first prong. *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir. 1996) (A prisoner-plaintiff has a First Amendment right to file grievances against prison

officials.). Second, the filing of a disciplinary charge, although not otherwise actionable under § 1983, is actionable if done in retaliation. *Freeman v. Miller*, 2012 WL 3233129 (M.D. Pa. Aug. 6, 2012) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)). Lastly, Horan has alleged that he received a misconduct report because he filed the grievance. As such, Horan has alleged facts sufficient to state a claim for First Amendment retaliation against Defendant Serginski.

### E. HORAN'S CLAIMS AGAINST WETZEL, MOORE-SMEAL, VARNER, BARNACLE, COLLINS, CAMERON, KOVALCHIK, CLARK, MIRANDA, ROSATO, BEARJAR, MIRARCHI, AND O'DAY FOR FAILURE TO TAKE DISCIPLINARY OR OTHER ACTION AGAINST OTHER DEFENDANTS

Horan alleges that Defendants Wetzel, Moore-Smeal, Varner, Barnacle, Collins, Cameron, Kovalchik, Clark, Miranda, Rosato, Bearjar, Mirarchi, and O'Day failed to take disciplinary or other action to address or prevent abuse by other Defendants (Doc. 1, Compl. ¶ 119), and that this failure to act constituted deliberate indifference in violation of his First, Sixth, Eight, and Fourteenth Amendment rights. [3]

An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *Padilla v. Beard*, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) (a mere

---

[3] In his Complaint, Horan alleges claims against these Defendants for deliberate indifference in violations of the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Horan does not state the basis for which he is alleging violations based on these Amendments, but the Court will analyze his claims liberally and in a light favorable to Horan in ascertaining whether he states a claim on any of these grounds.

linkage in the prison chain of command is not sufficient to demonstrate personal involvement for purposes of section 1983); *Rizzo v. Goode*, 423 U.S. 362 (1976) (permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement). "It is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Padilla v. Beard*, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006) (citing *Greenwaldt v. Coughlin,* 1995 WL 232736, at *4 (S.D.N.Y. Apr.19, 1995) (citations omitted)).

Moreover, there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *Padilla v. Beard*, 2006 WL 1410079, at *6 (M.D. Pa. May 18, 2006). Even if the state provides for a grievance procedure, as Pennsylvania does, violations of those procedures do not amount to a § 1983 cause of action. *Hoover v. Watson,* 886 F. Supp. 410, 418-19 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir. 1995). An allegation that an official ignored an inmate's request for an investigation or that the official did not properly investigate is insufficient to hold that official liable for the alleged violations. *Padilla v. Beard*, 2006 WL 1410079, at *6 (M.D. Pa. May 18, 2006). Generally, an allegation of failure to investigate an event after the fact, without another recognizable constitutional right, is not sufficient to sustain a § 1983 claim. *Heim v. York Cnty. Prison*, 2013 WL 1414638, at *6 (M.D. Pa. Apr. 8, 2013) (citing *Graw v. Fantasky,* 68 Fed. Appx. 378, 383 (3d Cir. 2003)); *see also Mincy v. Chmielsewski*, 508 Fed.

Appx. 99, 104 (3d Cir. 2013) (An "officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Pressley v. Beard,* *266 Fed. Appx. 216, 218 (3d Cir. 2008)* ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them.").

### 1. Claims against Defendant Wetzel

Horan states that he wrote letters to Secretary Wetzel complaining that the Department's Chief Grievance Officer, Defendant Dorina Varner, improperly handled his grievances. (Doc. 1, Compl. ¶¶ 103-105). Additionally, Horan accuses Wetzel of not taking any action after Horan wrote Wetzel a letter regarding the attack on fellow inmate Wayne Liddick. (Doc. 1, Compl. ¶ 74).

Horan alleges no personal involvement by Wetzel. The basis of Horan's claims against Wetzel are limited to Wetzel not taking action on his grievances, which is not sufficient to state a claim for constitutional deprivation. As such, it is recommended that Wetzel be dismissed with prejudice.

### 2. Claims against Defendant Barnacle

Horan alleges that Defendant Barnacle, Director of the Department's Office of Special Investigations and Intelligence, was deliberately indifferent to his complaints. (Doc. 1, Compl. ¶ 41). Specifically, Horan states that Barnacle answered two of the letters that Plaintiff wrote to Secretary Wetzel about the alleged physical abuse and retaliation. (Doc. 1, Compl. ¶ 95). Because Horan's allegations against Barnacle are limited to how he responded

to various letters, and there is no allegation of sufficient personal involvement, it is recommended that Barnacle be dismissed from this matter with prejudice.

### 3. Claims against Defendant Varner

Horan alleges that Varner, Chief Grievance Officer, failed to take action in response to letters he wrote regarding other Defendants. (Doc. 1, Compl. ¶¶ 92, 97, 101,102). The only claim Horan brings against Varner is that he wrote letters to her and she did not take action. Additionally, Horan alleges that Varner mishandled his grievances. As noted above, a violation of a grievance procedure does not amount to a constitutional violation. Therefore, Horan has failed to allege any facts to state a claim against Varner and it is recommended that she be dismissed with prejudice from this action.

### 4. Claims Against Defendant Collins and Defendant Miranda for failing to properly investigate Defendant Covington

Horan claims that Defendants Collins and Miranda failed to act appropriately regarding his grievance against Defendant Covington for sexual harassment. (Doc. 1, Compl. ¶ 49). Horan's claims against Collins and Miranda are limited to their supervisory roles and their failure to investigate this claim, and do not allege significant personal involvement on the part of these two defendants. *See Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 496-97 (E.D. Pa. 1998) (allegations in prisoner's complaint that after prison guard allegedly sexually harassed him, prison supervisor failed to adequately investigate prisoner's grievances, did not allege that supervisor had knowledge of or acquiesced in alleged discriminatory conduct, and therefore, did not sufficiently allege § 1983 claim

against supervisor). Therefore, it is recommended that Horan's claims against Defendants Collins and Miranda be dismissed with prejudice.

### 5. Horan's Claims against Defendant O'Day

Horan alleges that O'Day failed to take disciplinary action against other defendants. The only factual allegations Horan makes pertaining to O'Day relate to his handing a grievance to him on October 11, 2010 (Doc. 1, Compl. ¶29) and harassment by O'Day on October 12, 2010 (Doc. 1, Compl. ¶30). Horan fails to allege any facts related to O'Day in support of his claim of failure to take disciplinary action against other Defendants. Moreover, as previously discussed, failure to investigate a grievance or review a grievance does not constitute the requisite personal involvement necessary to state a constitutional claim. As such, it is recommended that Horan's claims against O'Day be dismissed with prejudice.[4]

### 6. Claims against Rosato, Kovalchik, Moore-Smeal, Cameron, Mirarchi, Bearjar, and Clark

Horan has failed to allege any facts against Defendants Rosato, Kovalchik, Moore-Smeal, Cameron, Mirarchi, Bearjar, and Clark in support of his claim that they failed to investigate other defendants.

---

[4] Plaintiff makes factual allegations against Defendant O'Day for harassment that occurred on October 11 and 12, 2010. (Doc. 1, Compl. ¶¶ 29, 30). However, Plaintiff has not stated a claim for relief upon which this harassment is based. Regardless, these claims are barred by Pennsylvania's two year statute of limitations. Pennsylvania's two-year statute of limitations applies to claims for violations of constitutional rights brought pursuant to 42 U.S.C. § 1983. *Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993).

Of these Defendants, related to a failure to investigate claim, Horan asserts that he wrote of list of "legal concerns" and submitted a copy to Defendants Cameron, Casner, and Bearjar. (Doc. 1, Compl. ¶ 88). Again, Horan has not alleged sufficient personal involvement on the parts of these Defendants to state a claim against them. Horan alleges no facts against Mirarchi in his capacity as supervisor, nor does he allege any facts in support of a claim that Mirarchi failed to discipline other defendants. Horan's only reference to Defendant Clark in his complaint is that on October 21, 2010, Horan was sent to Security to speak with Clark regarding the October 9, 2010 assault. (Doc. 1, Compl. ¶ 33). Horan makes no allegations regarding Clark's purported failure to investigate. Even if there were sufficient facts alleged against Defendants Rosato, Kovalchik, Moore-Smeal, Cameron, Mirarchi, Bearjar, and Clark for their failure to investigate and/or discipline, the allegations still do not allege sufficient personal involvement to support a claim based on § 1983. As such, it is recommended that these six Defendants be dismissed with prejudice.

F. Horan's Claims against Luquis, Kovalchik, Collins, and MacIntyre for Violation of His Right to Procedural Due Process and Access to the Courts

Horan alleges that Defendants Luquis, Kovalchik, Collins, and MacIntyre violated (1) his due process rights when they refused to call witnesses, allow presentation of documentary hearings, or allow Horan to speak at his disciplinary hearing; (2) his First Amendment rights by issuing a false misconduct report in retaliation for his filing a grievance; and (3) his right of access to the courts when he was removed from his plumbing job and was refused reinstatement. (Doc. 1, Compl. ¶¶ 120, 121).

Horan alleges that various defendants filed a false misconduct report against him on January 17, 2011. Pursuant to the report, Horan was subjected to a hearing in front of Sharon Luquis, hearing examiner. Horan alleges that Luquis refused to call his witnesses to testify during the misconduct hearing and that she told him not to bring any documents to hearings in the future because she did not care about Horan's problems with staff members. (Doc. 1, Compl. ¶ 69).

The filing of a false misconduct report does not violate an inmate's due process rights. *Brown v. Hannah*, 850 F. Supp. 2d 471, 475 (M.D. Pa. 2012). A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Brown v. Hannah*, 850 F. Supp. 2d at 475 (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). However, a plaintiff does have the right not to be deprived of a protected liberty interest without due process of law; thus, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of a misconduct. *Brown v. Hanna*, 850 F. Supp. 2d at 476.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by

being shut out of court." 536 U.S. 403 at 415. Therefore, a plaintiff must allege an actual injury by identifying a nonfrivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. 536 U.S. 403 at 415. The underlying cause of action, whether anticipated or lost, is an element of the access claim. 536 U.S. 403 at 415. Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." 536 U.S. 403 at 416. In the prison setting, actual injury is the loss of a nonfrivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The protections of the Due Process Clause only apply if prison conditions create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Removal of prison employment as part of a disciplinary hearing does not rise to the level of an "atypical and significant hardship," thus not giving rise to procedural due process protections. *Ayers v. Campbell*, 267 Fed. Appx. 176, 177 (3d Cir. 2008). *See Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir.1975) (due process violations are not triggered by the loss of a prison job). There is no liberty interest implicated by removal of a prisoner's employment because the prisoner has no right to a particular prison job or classification. *Padilla v. Beard*, 2006 WL 1410079 (M.D. Pa. May 18, 2006). An inmate's expectation of keeping a particular prison job does not amount to either a "property" or "liberty" interest entitled to protection under the Due Process Clause. *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

In this case, Horan alleges he was issued a falsified misconduct report and that the hearing examiner, Defendant Luquis, denied his witnesses and documents. As a result of the misconduct report, Horan was sentenced to (60) days confinement and removed from plumbing assignment. ([Doc. 1](Doc. 1), Compl. ¶ 47). Horan did not have a liberty interest in remaining free from disciplinary confinement, and further, had no liberty interest in his prison employment. There is no underlying nonfrivolous, arguable claim for the loss of his prison job, and there is no liberty interested implicated by the removal of his employment. As such, Horan's allegations fail to state a claim for a denial of access to the courts. Based on the above, it is recommended that Horan's due process claim and right of access to the courts claim against Defendant Luquis be dismissed with prejudice.

Horan does not allege any facts that Collins, MacIntyre, and Kovalchik were involved in the hearing process, the issuing of the false misconduct, the denial of his plumbing job, or any retaliation that led to the hearing for the misconduct. To the extent that Horan alleges due process and First Amendment violations against Defendants Collins, MacIntyre, and Kovalchik for failing to intervene, investigate, or take disciplinary action against Luquis or other defendants who allegedly filed the false misconduct report, these Defendants lack the requisite personal involvement. *See Bey v. Pennsylvania Dept. of Corrections*, 98 F. Supp. 2d 650, 664 (E.D. Pa. 2000) (dismissing plaintiff's claims that the defendant superintendent was liable for upholding decisions finding that the plaintiff had violated prison policy because the underlying claim lacked merit). Accordingly, it is recommended that Defendants Collins, MacIntyre, and Kovalchik be dismissed from this action with prejudice.

### G. Horan's First Amendment Retaliation claims against Defendants Suzadail, Hardy, Covington, and Warford for filing a false misconduct report

Horan alleges that Defendants Suzadail, Hardy, Covington, and Warford conspired to falsify a misconduct against him in retaliation for filing grievances. (Doc. 1, Compl. ¶ 122). Horan states that on January 17, 2011, he asked Defendants Covington, Hardy and Suzadail for a grievance form. Later that same day, Horan received a misconduct report from Defendant Warford. (Doc. 1, Compl. ¶ 46).

Defendants argue that Horan's claims against these defendants are barred by the applicable statute of limitations because the incident occurred on January 17, 2011, more than two years before Horan filed the present complaint. In response, Horan submits that the January 17, 2011 retaliatory falsified misconduct claims are not barred by the statute of limitations because: (1) the Complaint was filed on January 15, 2011; and/or (2) Defendants' interference tolled the statute of limitations.

#### 1. Statute of Limitations

Defendants state that all allegations in the complaint contained in Paragraphs 1 through 47 must be dismissed as untimely. (Doc. 19, Br. in Supp. at 8). Defendants rely on the two-year statute of limitations under Pennsylvania law. *Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009) (The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.); 42 Pa. C.S.A. § 5524(2). Relying on the two year statute of limitations, Defendants concluded that Plaintiff filed his Complaint on January 22, 2011, and therefore any claim relating to incidents occurring prior to January 21, 2011 is time-barred. (Doc. 19, Br. in Supp. at 8).

A prisoner's filing date for his complaint must be analyzed under the "prisoner mailbox rule," as employed by Pennsylvania state courts. *See Perry v. Diguglielmo*, 169 Fed. Appx. 134, 135 n. 3 (3d Cir. 2006) (citing *Commonwealth v. Little,* 716 A.2d 1287, 1288 (Pa. Super. Ct. 1998)); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See Burns,* 134 F.3d at 113; *Commonwealth v. Castro,* 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

Horan dated his complaint January 15, 2013. Whether Horan gave his complaint to the prison authorities that same day is not clear. However, Horan's Complaint was postmarked on January 16, 2011. Therefore, this Court will use January 16, 2011 as the date of filing for Plaintiff's complaint. As such, claims related to the incidents that occurred on January 17, 2011 are not barred by the statute of limitations.

2. First Amendment Retaliation

Horan's challenge to the issuance of a false misconduct is actionable under § 1983 if the misconduct was issued in retaliation for Horan having exercised a constitutional right. *See Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002) (citing *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)). As noted above, Horan does not have a liberty interest in a falsified misconduct report; however, he may have a constitutional claim based on First Amendment Retaliation, and therefore the Court will not recommend dismissal of Horan's First Amendment Retaliation claim here.

H. HORAN'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANT COVINGTON FOR SEXUAL HARASSMENT IN RETALIATION FOR FILING A COMPLAINT AND GRIEVANCE

In addition to his First Amendment retaliation claim against Defendant Covington, Horan also alleges Defendant Covington sexually harassed him on February 3, 2011, (Doc. 1, Compl. ¶ 49), and on July 1, 2011. (Doc. 1, Compl. ¶ 60), in violation of his Eighth Amendment rights. Defendants affirmatively do not move to dismiss this claim. (Doc. 19). . As such, this claim will go forward with the other claims on which this Court recommends denying Defendants' Motion to Dismiss.

I. HORAN'S CLAIMS AGAINST DEFENDANT WETZEL, COLLINS, AND CAMERON FOR TRANSFERRING PLAINTIFF IN RETALIATION FOR EXERCISING HIS FIRST AMENDMENT RIGHTS AND FOR THE PURPOSE OF PREVENTING HIM FROM FILING A JOINT LAWSUIT

Horan alleges that he was transferred from SCI-Frackville to SCI-Cresson to prevent him from filing a joint lawsuit with co-inmates Wayne Liddick and David Chacko. (Doc. 1, Compl. ¶¶ 78, 124). Defendants do not respond to the allegation that Defendants conspired to transfer Horan in retaliation;[7] however, Defendants argue that because Horan does not have a right to be housed in the prison of his choice, his claim should be dismissed. (Doc. 19, Br. in Supp. at 11).

---

[7] This Court has recommended that Horan's conspiracy claims be dismissed with prejudice. See Section C., *supra*.

1.  First Amendment Retaliation against Collins and Cameron

Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citing *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000)). A prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied. *Rauser*, 241 F.3d at 333. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000) (holding that plaintiff stated claim for retaliatory transfer even though no liberty interest involved in transfer). As stated previously, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected, that he suffered some adverse action at the hands of prison officials, that this action was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and then prove the causal link between the exercise of his constitutional rights and the adverse action taken against him. *Rauser*, 241 F.3d at 333*; Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000).

On August 13, 2011, Horan informed Defendant Collins that he was intending to file a lawsuit with Liddick and Chacko. (Doc. 1, Compl. ¶ 76). On August 16, 2011, Horan was transferred from SCI-Frackville to SCI-Cresson. (Doc. 1, Compl. ¶ 78). Horan alleges this transfer was intended to prevent him from filing a joint-lawsuit, that it affected his prison employment, and that it prohibited him from corresponding with Liddick and Chacko.

First, Horan has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir. 1996) (A prisoner-plaintiff has a First

Amendment right to file grievances against prison officials.). Next, evidence that a prisoner was transferred to a distant prison is sufficient to show that plaintiff suffered some "adverse action." *See Rauser*, 241 F.3d at 333. Finally, Horan alleges that his desire to file a joint lawsuit served as the motivating factor for his transfer. Horan has alleged that he was transferred immediately after indicating he wished to file a joint lawsuit against prison officials. Horan has sufficiently alleged a claim for First Amendment retaliation. Accordingly, it is recommended that Defendants' motion to dismiss Horan's First Amendment retaliation claim against Collins and Cameron be denied.

### 2. First Amendment Retaliation against Defendant Wetzel

Horan has not alleged any facts that suggest Wetzel was involved in Horan's transfer from SCI-Frackville to SCI-Cresson. The extent of Wetzel's involvement as to this claim appears to be limited to his failure to respond to letters urging Wetzel to investigate the situation. As such, Horan has failed to state a claim against Wetzel, and it is recommended that Defendant Wetzel be dismissed with prejudice.

### J. HORAN'S CLAIMS AGAINST DEFENDANTS COLLINS AND DORZINSKY FOR MAIL TAMPERING.

Horan alleges that Defendants Collins and Dorzinsky tampered with the mail in violation of his rights. (Doc. 1, Compl. ¶ 125). However, Horan fails to allege any facts against Collins and Dorzinsky regarding mail tampering. He alleges several facts that mail tampering occurred, but fails to establish how Defendants Collins and Dorzinsky were involved and participated in such allegations. A state pattern and practice, or explicit policy, of opening legal mail outside the presence of the addressee inmate interferes with protected

communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech. *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006). Horan sufficiently alleges enough facts in his complaint to sustain a claim against prison officials for First Amendment violations based on mail tampering. Horan alleges that he received legal mail from the U.S. Department of Justice that was already opened before he was present. (Doc. 1, Compl. ¶ 57). However, since Horan fails allege enough facts to state such a claim against Dorzinsky and Collins , it is recommended that the Court dismiss Horan's claim against Dorzinsky and Collins with leave to amend, to link the allegations in his complaint to the respective parties.

K. HORAN'S CLAIMS AGAINST DEFENDANTS EIDEM, MIRARCHI, HARDY, SUZADAIL, AND GAILE FOR RETALIATING AGAINST HORAN BY CALLING HIM A "CHILD MOLESTER"

Horan alleges that Defendants Eidem, Mirarchi, Hardy, Suzadail, and Gaile labeled him a "snitch and/or child molester" (Doc. 1, Compl. ¶ 126) in an attempt to stir up tension and provoke an attack. Horan alleges these actions were retaliatory and violated his First and Eighth Amendment rights.

To plead an Eighth Amendment failure-to-protect claim, a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir. 1997); *Joseph v. Asure*, 2012 WL 406210, at *2 (M.D. Pa. Jan. 12, 2012) *report and recommendation adopted*, 2012 WL 406204 (M.D. Pa. Feb. 8, 2012). It is well established that allegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983. *Burkholder v. Newton*, 116 Fed. Appx. 358, 360 (3d Cir. 2004).

However, labeling a prisoner a child molester in front of other inmates can lead to a substantial risk of serious harm to the prisoner. *Joseph v. Asure*, 2012 WL 406210 (M.D. Pa. Jan. 12, 2012) *report and recommendation adopted*, 2012 WL 406204 (M.D. Pa. Feb. 8, 2012). *See also Renchenski v. Williams,* 622 F.3d 315, 326 (3d. Cir. 2010) (stating that "[i]t is largely without question … that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment"); *Brown v. Narvais,* 265 Fed. Appx. 734, 735 (10th Cir. 2008) (holding that allegations that prison official disclosed that prisoner was a child molester to another inmate who then spread that information in prison stated an Eighth Amendment claim upon which relief can be granted).

Horan alleges that Defendants spread rumors that he was a child molester, and that they did so intending to provoke other inmates to attack him. Specifically, Horan alleges that on August 4, 2011, Eidem yelled that Horan was a child molester across a dining hall. (Doc. 1, Compl. ¶ 71). Horan further alleges that on June 25, 2011, Mirarchi called him into his office, and on his way out, Mirarchi called Horan a "child molesting fuck" in front of three other inmates. (Doc. 1, Compl. ¶ 58).

Moreover, as previously discussed in relation to other claims, government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citing *Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir. 2000)). A prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied. *Rauser*, 241 F.3d

24

at 333. While mere verbal abuse may not be actionable, Horan's allegations that Defendants labeled him a child molester in front of other prisoners, in an attempt to provoke other inmates to attack him, and that they did so in retaliation for his actions, sufficiently state claims under the First and Eighth Amendments. Therefore, it is recommended that the Court deny Defendants' motion to dismiss these claims and allow Horan to proceed on both a First Amendment and Eighth Amendment claim against Defendants Mirarchi, Eidem, Hardy, Gaile, and Suzadail.

L. HORAN'S CLAIMS AGAINST DEFENDANTS CAMERON, BEARJAR, AND CASNER FOR DENOTING HIM AS "UNASSIGNED – REFUSING PROGRAM" TO PREVENT HIS ACCESS TO THE COURTS AND PLACE HIM AT RISK OF ASSAULT BY OTHER INMATES

Horan alleges that Defendants Cameron, Bearjar, and Casner violated his First, Sixth, Eighth, and Fourteenth Amendment rights by labeling him "Unassigned – Refusing Program" in order to prevent his access to the courts. (Doc. 1, Compl. ¶ 132). Specifically, he alleges that Casner labeled him a "Program Refuser" and denied him indigent status and that Bearjar "supported" Casner. Horan allegedly complained to Casner about the necessity for him to attend a sex offender program and his status "unassigned – refusing program." (Doc. 1, Compl. ¶¶ 80, 82, 88, 89). Defendants submit that Casner and Bearjar should be dismissed because the courts must give substantial deference to the professional judgment of prison administrators. (Doc. 19, Br. in Supp. at 13). Defendants have not moved to dismiss Cameron from this claim.

Horan states that on August 18, 2011, he met with Defendant Casner regarding his pay status and sex offender programming. According to Horan, Casner told him that he

must attend the sex offender program immediately, admit his guilt, and withdraw his pending appeal. (Doc. 1, Compl. ¶ 80). On August 22, 2011, Horan again spoke to Casner about being listed as "unassigned – refusing program." (Doc. 1, Compl. ¶ 82). Horan alleges that Bearjar and Casner listed him as "unassigned – refusing program" in retaliation, to deny him access to the courts, and to provoke an attack on him. (Doc. 1, Compl. ¶ 89).

Prisoners have a constitutional right to access the courts, which requires access to "adequate law libraries or adequate assistance from persons trained in the law" for filing challenges to criminal sentences, both direct and collateral, and civil rights actions. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Horan's complaint fails to sufficiently allege any claim of denial of access to the courts based on his classification as "unassigned – refusing program." Horan has not sufficiently alleged a denial of access of the courts claim against Bearjar and Casner. Further, Horan does not allege any facts at all regarding Cameron's involvement in Horan's status as "unassigned – refusing program." Specifically, there are no allegations that can be made that his status as "unassigned – refusing program" in any way hindered or prevented him from filing the instant action with this Court. As such, it is recommended that Horan's access of the courts claim against Defendants Cameron, Bearjar, and Casner be dismissed.

M. HORAN'S CLAIMS AGAINST DEFENDANTS WETZEL, VARNER, COLLINS, CAMERON, BEARJAR, AND CASNER FOR DENYING HIM LEGAL CORRESPONDENCE AT SCI-CRESSON WITH LIDDICK AND CHACKO IN VIOLATION OF HIS RIGHT TO ACCESS THE COURTS

Horan alleges that Defendants Wetzel, Varner, Collins, Cameron, Bearjar, and Casner denied him access to the courts by not allowing him to correspond with Liddick and

Chacko. (Doc. 1, Compl. ¶ 131). Prisoners have a constitutional right to access the courts, which requires access to "adequate law libraries or adequate assistance from persons trained in the law" for filing challenges to criminal sentences, both direct and collateral, and civil rights actions. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996) (recognizing that the Constitution requires that prisoners be provided the tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) (extending right of access to the courts, founded on the Due Process Clause, to prisoners filing actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights"); *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000).

Horan has not sufficiently alleged any facts to support his claim of denial of access to the courts. He does not premise his argument on inadequate law libraries or assistance, or even being able to file his complaint at all. Instead, Horan bases his claim on the allegation that he could not correspond with inmates at another institution.  It is undisputed that Horan was able to file this current action. The fact that he could not also bring constitutional claims on behalf of other inmates did not preclude him from filing a civil rights action on his own behalf. As such, Horan has failed to sufficiently allege a claim based on denial of access to the court and it is recommended that this Court dismiss this claim with prejudice as to Wetzel, Varner, Collins, Cameron, Bearjar, and Casner.

N. <u>Horan does not have standing to make claims against Defendants Eidem, Hardy, Mirarchi, and Suzadail on behalf of Wayne Liddick and David Chacko</u>

Horan has alleged claims against Defendants Eidem, Hardy, Mirarchi, and Suzadail for their conduct against Wayne Liddick and David Chacko. Specifically, Horan alleges Eidem and Hardy violated Wayne Liddick's First, Eighth, and Fourteenth Amendment rights, and that their actions constituted assault and battery. (Doc. 1, Compl. ¶¶ 127-29). Additionally, he alleges Defendants Mirarchi and Suzadail violated David Chacko's First and Eighth Amendment rights by filing "false misconducts" against him in retaliation for assisting Horan in his efforts to help Wayne Liddick. (Doc. 1, Compl. ¶ 130).

Standing is a jurisdictional requirement. *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003). If the plaintiff does not have standing and, therefore, there is no subject matter jurisdiction, the Court must dismiss the action. *Waksmunski ex rel. Korbe v. Mitchell*, 2009 WL 499455, at *2 (W.D. Pa. Feb. 27, 2009). While an individual may represent himself *pro se* with respect to his individual claims, he is not entitled to act as an attorney for others in federal court. *Lutz v. Lavelle,* 809 F.Supp. 323, 325 (M.D. Pa. 1991). Although Horan argues that his Complaint was meant to be a join complaint, he cannot allege claims arising out of conduct by Defendants directed toward Liddick and Chacko. Accordingly, it is recommended that any claims filed on behalf of Liddick and Chacko be dismissed with prejudice.

III. **RECOMMENDATION**

Based on the foregoing, it is recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss. Specifically, it is recommended as follows:

**A. Defendants' Motion to Dismiss be GRANTED, with prejudice, as to:**

1) Plaintiff's claims against all Defendants in their official capacities;

2) Plaintiff's conspiracy claims under Section 1983 against all Defendants;

3) Plaintiff's claims against Defendants Moore-Smeal, Kovalchik, Rosato, Dorzinsky, Varner, Wetzel, Barnacle, Collins, Cameron, Clark, Miranda, Bearjar, Mirarchi, and O'Day for failure to take disciplinary action or otherwise investigate Plaintiff's claims against the other Defendants;

4) Plaintiff's claims against Luquis, Collins, MacIntyre and Kovalchik for violation of his rights to procedural due process and access to the courts;

5) Plaintiff's First Amendment retaliation claim against Defendant Wetzel related to his transfer to SCI-Cresson;

6) Plaintiff's claims against Cameron, Bearjar, and Casner for denying Plaintiff access to the courts by denoting him "unassigned-refusing program"

7) Plaintiff's claims filed against Eidem, Hardy, Mirarchi, and Suzadail on behalf of Wayne Liddick and David Chacko; and

8) Plaintiff's claims against Wetzel, Varner, Collins, Cameron, Bearjar, and Casner for denial of access to the courts based on his alleged inability to correspond with Wayne Liddick and David Chacko.

**B. Defendants' Motion to Dismiss be DENIED as to:**

1) Plaintiff's First Amendment Retaliation claim against Defendant Serginski for filing a false misconduct report;

2) Plaintiff's First Amendment Retaliation claim against Suzadail, Hardy, Covington, and Warford for filing a false misconduct report;

29

3) Plaintiff's claims against Collins and Cameron for transferring Plaintiff to SCI-Cresson in violation of his First Amendment Right against Retaliation; and

4) Plaintiff's First Amendment and Eighth Amendment claims against Eidem, Mirarchi, Hardy, Suzadail, and Gaile for allegedly calling him a "child molester."

**C. Defendants' Motion to Dismiss be GRANTED, but Plaintiff be given leave to file an amended complaint, as to his claims against Defendants Collins and Dorzinsky for mail tampering.**

**D. As Defendants have affirmatively not moved to dismiss Plaintiff's claims against Defendant Covington for sexual harassment under the Eighth Amendment, this claim will go forward with the claims on which Defendants' Motion to Dismiss is denied.**

**BY THE COURT:**

Dated: December 3, 2013

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,
                    Plaintiff

  v.

JOHN WETZEL, et al.,
                    Defendants

CIVIL ACTION NO. 1:13-CV-00140

(CALDWELL, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 3, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 3, 2013

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**