IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,                          :
                    Plaintiff           :
                                        :
       vs.                              :   CIVIL NO. 1:CV-13-0140
                                        :
JOHN WETZEL, et al.                     :    (Caldwell, J.)
                    Defendants          :
                                        :   (Mehalchick, M.J.)
                                        :


*M E M O R A N D U M*


The pro se plaintiff, Patrick Horan, an inmate at the state correctional

institution in Benner Township, Bellefonte, Pennsylvania, filed this action against twenty-

four employees of the Department of Corrections, alleging various federal civil-rights

violations.  We are considering the report and recommendation of the magistrate judge

on Defendant's motion to dismiss and Plaintiff's objections to the report.  After review of

the report and the objections, we agree in the main with the magistrate judge and will

issue an order consistent with her recommendation, albeit with some slight

modifications.[1]

_____

[1]    We disagree with the magistrate judge that a "no set of facts" standard for a motion
to dismiss, even for a pro se litigant, survives *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,
570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  In *Twombly,* the Supreme Court stated
that the "no set of facts" language from *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99,
102, 2 L.Ed.2d 80 (1957), no longer has a place in resolving Rule 12(b)(6) motions. 550 U.S.
at 562–63, 127 S.Ct. at 1969.  We also disagree with the magistrate judge that the
Pennsylvania prison mailbox rule applies in federal cases.  Rather, the federal prison mailbox
rule does.

We discuss here briefly some of Plaintiff's objections.  Plaintiff objects that the report is premature because Plaintiff has pending: (1) a motion for mandatory joinder to add two inmates as plaintiffs; and (2) a motion for access to the law library.  We disagree.  The complaint can be examined as it stands, and Plaintiff filed an adequate opposition brief to the motion to dismiss.

On her own motion, the magistrate judge recommended that Plaintiff's conspiracy claim under 42 U.S.C. § 1983 be dismissed for failure to plead the conspiracy allegations with sufficient specificity.  Plaintiff objects that he has valid claims under 42 U.S.C. §§ 1985(2) and 1986.  Since the magistrate judge's recommendation only relates to Plaintiff's section 1983 claims, and the magistrate judge only recommends that the section 1983 conspiracy claim be dismissed, there is no merit to the objection since any claims Plaintiff may have under sections 1985(2) and 1986 will continue.

At page 13 of her report, the magistrate judge recommended that all the claims against defendant O'Day be dismissed.  The magistrate judge noted that the only claim against O'Day was one for failure to take disciplinary action against other defendants.  (Compl. ¶ 119).  As she also noted, the only factual allegations about O'Day, set forth in paragraphs 29 and 30 of the complaint, are that on October 10, 2010, Plaintiff tried to hand him a grievance which O'Day refused; and (2) on October 12, 2010, O'Day had an officer search Plaintiff twice and then sent him back to the block.  In regard to the allegations of paragraph 30, the magistrate judge said they failed to state a claim because: (1) any claim would be barred by the two-year statute of limitations for civil-

rights actions;[2] and (2) on the merits Plaintiff failed to allege a cause of action based on the "harassment" of October 10 and 12.

Plaintiff objects that the claim should not be considered untimely because he had always intended to file a complaint which included two other inmates as plaintiffs but the suit had been delayed because prison officials had impeded his communication with the other inmates.  He also asserts that paragraphs 29 and 30 are a retaliation claim -- that O'Day's actions were in retaliation for Plaintiff's having filed a grievance against defendant Eidem.  Further, Plaintiff argues that O'Day should have been included in the sexual harassment claim against Covington because it was O'Day who stopped Plaintiff and had Covington search him on July 1, 2011.  (Compl. 60).

We agree with the magistrate judge that the only claim actually made against O'Day, a failure to take disciplinary action against other defendants, is not meritorious for the reason she gives, (Doc. 40, p. 13), and this claim will be dismissed. As to a retaliation claim or a sexual harassment claim, we will grant Plaintiff leave to file a motion to amend his complaint to add those claims.  The timeliness of any such claims can be dealt with at the time the motion is filed.

The magistrate judge recommended that the First Amendment mail-tampering claim against defendants Collins and Dorzinsky be dismissed for failing to allege facts showing their involvement, but with leave to amend.  (Doc. 40, p. 22).

_____

[2]    For current purposes, the complaint can be considered filed on January 15, 2013, the date Plaintiff asserts he "served" it on the Clerk of Court, although it was filed on January 22, 2013.

Plaintiff objects that he attached exhibits to his complaint indicating that Collins and Dorzinsky tampered with his incoming legal mail and that he was billed postage for mail that was never received by the FBI or the Lewisburg Prison Project.  He also refers to his allegations involving confiscation of legal material and that defendant Mirarchi "orchestrated this illegal confiscation."  (Doc. 41, pp. 12-13).

Since the magistrate judge recommended leave to amend, we need not resolve Plaintiff's objections.  We will dismiss the mail-tampering claim against Collins and Dorzinsky with leave to amend it.  In that amendment, Plaintiff can fully present all the allegations he believes support that claim, including allegations against Mirarchi.

Horan claimed that defendants Cameron, Bearjar, and Casner violated his First, Sixth, Eighth, and Fourteenth Amendment rights by labeling him "Unassigned – Refusing Program" in order to prevent his access to the courts and to place him at risk of assault.  (Compl. ¶ 132).  The magistrate judge recommended that the access-to-the-courts claim be dismissed because Plaintiff failed to allege that he was actually hindered in any court filings.  Plaintiff objects but does so on the basis that the defendants' action placed him at risk with other inmates.  This objection has no merit since the claim will be dismissed only as it is based on denial of access to the courts.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 18, 2014