## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK HORAN, | |
|     Plaintiff | CIVIL ACTION NO. 1:13-CV-00140 |
| v. | (CALDWELL, J.) |
| | (MEHALCHICK, M.J.) |
| JOHN WETZEL, et al., | |
|     Defendants | |

### MEMORANDUM

Plaintiff Patrick Horan, proceeding *pro se*, is an inmate currently incarcerated at the State Correctional Institution - Benner Township in Bellefonte, Pennsylvania. On January 22, 2013, he filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Pending before the Court is Plaintiff's motion for mandatory joinder (Doc. 36) and Plaintiff's motion to appoint counsel (Doc. 43). For the following reasons, the Court will deny these motions.

**I.  BACKGROUND**

Horan's claims relate to events that took place when he was incarcerated at the State Correctional Institution at Frackville. In his complaint, Horan names twenty-four employees of the Department of Corrections as Defendants. Horan's claims arise from an incident that occurred on October 9, 2010, at SCI–Frackville. On October 9, 2010, Horan alleges that fellow inmate, Wayne Liddick, was harassed and injured by Defendants Eidem and Hardy. (Doc. 1, Compl. ¶ 18–21). Horan asserts that immediately following the assault, he filed several grievances on behalf of Liddick, and as a result, Horan was then subjected to retaliatory harassment. (Doc. 1). Additionally, Horan states that another fellow inmate at SCI–Frackville, David Chacko, was a witness to these retaliatory events and the harassment against Liddick.

(Doc. 1). Horan alleges numerous incidents of retaliation, including retaliatory transfer, retaliatory cell searches, verbal threats, false block card reports, false misconduct reports, refusals to call witnesses or being allowed to speak in his own defense, removal from work assignments, mail tampering, and being labelled a pedophile to provoke assaults with other inmates. (Doc. 1, p. 2). Horan submits that these actions, including his transfer to another correctional institution, were done in retaliation for his having filed a grievance against Corrections Officer Eidem and Sergeant Hardy for their alleged assault on inmate Wayne Liddick.

On January 22, 2013, Horan filed this civil rights action. (Doc. 1). On April 1, 2013, Defendants filed a motion to dismiss Horan's complaint (Doc. 11), and a brief in support thereof on May 13, 2013. (Doc. 19). Per this Court's February 18, 2014 Order (Doc. 47), the only remaining claims in this action are: (1) Plaintiff's First Amendment retaliation claim against Defendant Serginski for filing a false misconduct report; (2) Plaintiff's First Amendment retaliation claim against Defendants Suzadail, Hardy, Covington, and Warford for filing a false misconduct report; (3) Plaintiff's claims against Defendants Collins and Cameron for transferring Plaintiff to SCI-Cresson in violation of his First Amendment Right against retaliation; (4) Plaintiff's First Amendment and Eighth Amendment claims against Defendants Eidem, Mirarchi, Hardy, Suzadail, and Gaile for allegedly calling him a "child molester"; and (5) Plaintiff's claim against Defendant Covington for sexual harassment under the Eighth Amendment. Further, Horan was granted leave to amend his claims against Defendants Collins, Dorzinsky, and Mirarchi for mail tampering, and to file a motion to add a retaliation claim or a sexual harassment claim against Defendant O'Day. (Doc. 47).

**II.     MOTION FOR JOINDER**

On October 9, 2013, Horan filed a motion for mandatory joinder pursuant to Federal Rule of Civil Procedure 19 (Doc. 36), and a brief in support on October 11, 2013. (Doc. 38). Horan moves pursuant to Rule 19(a) to add two new plaintiffs to this action: (1) Wayne Liddick; and (2) David Chacko.

Federal Rule of Civil Procedure 19 governs "mandatory" joinder, under which joinder of parties is compulsory or "necessary" if their joinder is "feasible." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Rule 19 provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Because Rule 19 is written in the disjunctive, if either clause (A) or (B) is satisfied, the absent party is a necessary party that should be joined if possible. *Gen. Refractories Co.*, 500 F.3d at 312 (citing *Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998)). If a party is "necessary," the court must then determine whether joinder of that party is "feasible." *See* Fed. R. Civ. P. 19(b); *Gen. Refractories Co.*, 500 F.3d at 312-13.

There is no indication from Liddick and Chacko that either one of them claim an interest in this action. Thus, only clause (A) is at issue. Under that clause, "we ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties." *Gen. Refractories Co.*, 500 F.3d at 313. This inquiry is limited "to

whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *Gen. Refractories Co.*, 500 F.3d at 313 (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993)).

In this case, Liddick and Chacko are not necessary parties. Per this Court's February 18, 2014 Order, the only remaining claims in this action are Horan's First Amendment retaliation claims for Defendants filing a false misconduct report against him and transferring him to SCI-Cresson; a First and Eighth Amendment claim for Defendants allegedly calling him a "child molester"; and an Eighth Amendment sexual harassment claim. (Doc. 47). Horan was further granted leave to amend claims related to mail tampering and a retaliation/sexual harassment claim. (Doc. 47).

It appears Horan seeks to include Liddick and Chacko in this action because the retaliatory conduct alleged by Horan originated from an incident where Liddick was assaulted and Chacko was a witness to the assault. However, the remaining claims in this action are unrelated to the initial assault and the Court can fashion complete relief on Horan's claims against the Defendants without adding as plaintiffs Liddick or Chacko. *See Walker v. Zenk*, No. 01-1644, 2008 WL 351250 (M.D. Pa. Feb. 7, 2008) *aff'd*, 323 Fed. Appx. 144 (3d Cir. 2009).

Although Horan relies only on Rule 19 in arguing for joinder of Liddick and Chacko, the Court will liberally construe Horan's *pro se* motion, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as alternatively requesting "permissive" joinder under Rule 20. That rule allows a plaintiff to join parties as plaintiffs in the same action if their claims arise out of the same transaction or occurrence and the action involves a common question of law or fact. Fed. R. Civ. P. 20(a)(1). Horan's motion fairs no better under Rule 20, however. As just discussed,

Horan presumably wants to join claims related to Liddick's original assault. Claims related to that assault are unrelated to the remaining claims in this action. While some of the background of these two sets of claims may be the same, the operative facts and questions of law are different: whether Horan was personally retaliated against for his conduct, versus assault claims raised by Liddick. Further, as the text of the rule indicates, joinder under Rule 20 is permissive, not mandatory. The objectives of the rule are to promote judicial economy, and "the court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ.3d § 1652 (1998). For these reasons, the Court will deny Horan's motion to join Liddick and Chacko as plaintiffs in this action. (Doc. 36).

### III. MOTION FOR APPOINTMENT OF COUNSEL

On January 24, 2014, Horan filed a motion for appointment of counsel. (Doc. 43). Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157–58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination

to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.
>
> *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155–57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed,

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.
>
> *Tabron*, 6 F.3d at 157.

In the instant case, the Court finds the appointment of counsel to represent Horan in this matter to be unnecessary. In Horan's complaint and numerous motions filed with this Court, he has demonstrated an ability to adequately present and litigate his own case. The Court's duty to construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Horan's apparent ability to litigate this action, weigh against the appointment of counsel. Hence, the Court will deny Horan's motion for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either

*sua sponte* or upon motion of Plaintiff. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 43) is **DENIED**.

**IV.   CONCLUSION**

Based on the foregoing, Plaintiff's motion for mandatory joinder (Doc. 36) is denied, and Plaintiff's motion for appointment of counsel is denied. (Doc. 43).

An appropriate Order will follow.

**Dated: May 22, 2014**                                                          *s/ Karoline Mehalchick*
                                                                                                         **KAROLINE MEHALCHICK**
                                                                                                         **United States Magistrate Judge**