UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,

    Plaintiff,

v.

JOHN WETZEL, et al.,

    Defendants.

CIVIL ACTION NO. 1:13-CV-00140

(CALDWELL, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 69). For the reasons stated herein, it is recommended that this motion be denied.

**I.   BACKGROUND**

Plaintiff Patrick Horan, proceeding *pro se*, is currently incarcerated at the State Correctional Institution – Benner Township in Bellefonte, Pennsylvania. On January 22, 2013, he filed this civil rights action pursuant to 42 U.S.C. § 1983. Horan's claims arise from an incident that took place on October 9, 2010 when he was incarcerated at the State Correctional Institution at Frackville (SCI – Frackville). Specifically, Horan alleges that he was subjected to retaliatory harassment as a result of filing grievances on behalf of fellow inmate, Wayne Liddick, who was allegedly harassed and injured by various Department of Corrections Defendants. Horan currently seeks a preliminary injunction and temporary restraining order for Wayne Liddick, whom he alleges has continued to receive retaliatory harassment. Specifically, Horan requests that this court order that Wayne Liddick be transferred out of SCI-Frackville and be released from the restricted housing unit in accordance with his mental health diagnosis. (Doc. 69).

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, this Court must consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

With respect to Horan's motion for a preliminary injunction and temporary restraining order, Horan, a *pro se* prisoner, is not qualified to seek relief on behalf of fellow inmate, Wayne Liddick. *Alexander v. N.J. State Parole Bd.,* 160 F. App'x 249, 249 n. 1 (3d Cir.2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.") (citation omitted). Specifically, pursuant to Rule 11, "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11. Additionally, "each individual proceeding as a plaintiff must file either the appropriate filing fee pursuant to 28 U.S.C. §1914 or an *in forma pauperis* request pursuant to 28 U.S.C. §1915."

*Thompson v. Howard,* No.09-1416, 2009 WL 3878258, at *2 (W.D. Pa. Nov. 18, 2009). "Where the court grants an *in forma pauperis* request to one or all plaintiffs in a civil action, the parties may then plead and conduct their . . . cases personally." 28 U.S.C. § 1654. This statute, however, "does not allow for unlicensed laymen to represent anyone else other than themselves." *Thompson*, 2009 WL 3878258, at *2 (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).

In the present case, Horan is seeking a temporary restraining order and preliminary injunction on behalf of inmate Wayne Liddick. As an unlicensed layman, Horan cannot represent anyone other than himself in the current controversy. *See Thompson v. Howard*, No. 09-1416, 2009 WL 3878258, at *2 (W.D. Pa. Nov. 18, 2009). Accordingly, Horan's motion should be denied.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the motion for a temporary restraining order and preliminary injunction (Doc. 69) filed by Patrick Horan, be **DENIED**.

**BY THE COURT:**

**Dated: January 8, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK HORAN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN WETZEL, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:13-CV-00140<br><br>(CALDWELL, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 8, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **January 8, 2015**　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**