**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK HORAN, | |
| Plaintiff, | CIVIL ACTION NO. 1:13-CV-00140 |
| v. | (CALDWELL, J.) |
| JOHN WETZEL, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This is a *pro se* action for damages, injunctive, and declaratory relief pursuant to 28 U.S.C. § 1983. Pending before this Court is Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 88), and Defendants' motion to dismiss. (Doc. 54). For the reasons stated herein, it is recommended that Plaintiff's motion be denied (Doc. 88), and Defendants' motion be granted in part, and denied in part (Doc. 54).

**I. BACKGROUND**

Plaintiff Patrick Horan, proceeding *pro* se, filed the original complaint in this matter on January 22, 2013, asserting claims for damages against twenty-four (24) defendants pursuant to 28 U.S.C. § 1983. (Doc. 1). Horan's claims arise from an incident that took place on October 9, 2010, while incarcerated at the State Correctional Institution at Frackville ("SCI-Frackville"), whereby fellow inmate, Wayne Liddick, was allegedly harassed and injured by two Department of Corrections Officials--Defendants Eidem and Hardy. (Doc. 1). Horan alleges that he was retaliated against as a result of filing grievances on behalf of Wayne Liddick in response to the October 9, 2010 incident. (Doc. 1). Specifically, Horan alleges that he was subjected to retaliatory harassment in the form of filing false misconduct reports, tampering with his mail, transferring him to a different institution, and referring to him as a "child molester" in the

presence of other inmates. Moreover, he claims that he was sexually harassed and placed at risk of assault for being labeled a "child molester" in violation of the Eighth Amendment.

Defendants filed a motion to dismiss Horan's complaint on April 1, 2013 (Doc. 11). In an Order dated February 18, 2014, the Court granted Defendants' motion in part and denied it in part. (Doc. 47). Moreover, the Court granted Horan leave to amend his complaint with respect to his First Amendment retaliation claim against Defendants Collins, Dorzinsky, and Mirarchi for mail tampering and his claims against Defendant O'Day for retaliation or sexual harassment. Consequently, Horan filed an amended complaint, together with a brief in support of his amended complaint, which addressed the mail tampering claim against Defendants Collins, Dorzinsky, and Mirarchi, and his claims against Defendant O'Day.

Per the Court's February 18, 2014 Order, the remaining claims in this action are as follows: (1) a First Amendment retaliation claim against Defendant Serginski, Suzadail, Hardy, Covington, and Warford for filing a false misconduct report; (2) a First Amendment retaliation claim against Defendants Collins and Cameron for transferring Horan to SCI-Cresson; (3) a First Amendment claim and an Eighth Amendment claim against Defendants Eidem, Mirarchi, Hardy, Suzdail, and Gaile for referring to him as a "child molester" in the presence of other inmates; (4) an Eighth Amendment claim against Defendants Covington and O'Day for sexual harassment; (5) a First Amendment retaliation claim against Defendants Collins, Dorzinsky, and Mirarchi for mail tampering; (6) a Sixth Amendment claim and an Eighth Amendment claim against Defendants Cameron, Bearjar and Casner for labeling him "Unassigned- Refusing Program," placing him at risk of assault; and (7) conspiracy claims pursuant to 42 U.S.C.

§ 1985(2) and 42 U.S.C § 1986.[1]

Currently pending before this Court is Defendants' motion to dismiss Horan's amended complaint. (Doc. 54). Plaintiff has also filed the instant motion for a preliminary injunction and temporary restraining order, seeking an order directing staff at SCI-Graterford, where he was temporarily transferred for a PCRA hearing at the Northampton County Court of Common Pleas, to return Horan's various legal materials and personal items; namely his "record box full of legal property." (Doc. 88).

Having been fully briefed, these motions are now ripe for disposition.

## II. MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

---

[1] For the reasons set forth in the Court's Order, the District Court granted dismissal only with respect to Horan's access-to-the-court claims under the First and Fourteenth Amendments, and with respect to Horan's § 1983 conspiracy claim. *See* (Doc. 47).

3

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429

U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. DISMISSED CLAIMS

In an order dated February 18, 2014, the District Court adopted this Court's Report and Recommendation in part and dismissed the following claims with prejudice:

1. Plaintiff's claims against all Defendant's in their official capacities;

2. Plaintiff's conspiracy claims under 42 U.S.C. 1983;

3. Plaintiff's claims against Defendants Moore-Smeal, Kovalchik Rosato, Dorzinsky, Varner, Wetzel, Barnacle, Collins, Cameron, Clark, Miranda, Bearjar, Mirarchi, and Day for failure to take disciplinary action or otherwise investigate Plaintiff's claims against the other Defendants;

4. Plaintiff's claims against Luquis, Collins, MacIntyre and Kovalchik for violation of his rights to procedural due process and access to the courts;

5. Plaintiff's First Amendment retaliation claim against Defendant Wetzel related to his transfer to SCI-Cresson;

6. Plaintiff's claims against Defendants Eidem, Hardy, Mirarchi, and Suzadail on behalf of Wayne Liddick and David Chacko;

7. Plaintiff's claims against Defendants Wetzel, Varner, Collins, Cameron, Bearjar, and Casner for denial of access to the courts based on his alleged inability to correspond with Wayne Liddick and David Chacko; and

8. Plaintiff's claims against Defendant Collins and Dorzinsky for mail tampering.

(Doc. 47).

The District Court also granted Horan leave to file an amended complaint for the limited purpose of fleshing out his claim against Defendants Collins, Dorzinsky and Mirarchi for mail

tampering, and his claims against Defendant O'Day for sexual harassment and retaliation. (Doc. 47). On March 11, 2014, Horan filed an amended complaint (Doc. 49), together with a brief in support of the amended complaint. (Doc. 54). However, Horan's amended complaint retained and embellished on previously dismissed claims. Defendants filed a motion to strike the amended complaint on March 25, 2014 (Doc. 55), arguing that Horan's amended complaint exceeded the scope of the leave to amend, which this Court denied on the basis that the amended complaint did not affect the substance of the remaining claims against Defendants and moreover, did not prejudice Defendants. (Doc. 76). However, this Court noted that it would not consider the claims in the amended complaint previously dismissed with prejudice by this Court. Defendants, in their motion to dismiss, restate the same argument made in their motion to strike—that this Court should not consider the claims formerly dismissed with prejudice. To reiterate, this Court will not reconsider the aforementioned claims that were dismissed with prejudice.

  Rather, this Court will only consider the following remaining claims: (1) Plaintiff's First Amendment retaliation claim against Defendant Serginski, Suzadail, Hardy, Covington, and Warford for filing a false misconduct report; (2) Plaintiff's First Amendment Retaliation claim against Defendants Collins and Cameron for transferring Plaintiff to SCI-Cresson; (3) Plaintiff's First Amendment and Eighth Amendment claims against Defendants Eidem, Mirarchi, Hardy, Suzdail, and Gaile for calling him a "child molester" in the presence of other inmates; (4) Plaintiff's Eighth Amendment claim against Defendant Covington and O'Day for sexual harassment; (5) Plaintiff's First Amendment retaliation claim against Defendants Collins, Dorzinsky and Mirarchi for mail tampering; (6) Plaintiff's Sixth Amendment and Eighth Amendment claims against Defendants Cameron, Bearjar and Casner for labeling him

"Unassigned- Refusing Program," placing him at risk of assault; and (7) Plaintiff's conspiracy claims pursuant to § 1985(2) and § 1986.

### B. RES JUDICATA

Defendants seek dismissal of Horan's amended complaint on the basis that his claims are barred by the doctrine of res judicata. Specifically, Defendants note that Horan filed a similar civil rights action in state court against many of the same Defendants, which was subsequently dismissed by the Schuylkill County Court of Common Pleas. That dismissal was recently affirmed on appeal by the Commonwealth Court of Pennsylvania. As such, Defendants argue that dismissal is appropriate, as Horan has attempted to relitigate issues that were or could have been raised in the prior action.

"[A]lthough an affirmative defense, [res judicata] may be raised in a Rule 12(b)(6) motion." *Tyler v. O'Neill*, 52 F. Supp. 2d 471, 474 (E.D. Pa. 1999) *aff'd sub nom. Tyler v. O'Neil,* 225 F.3d 650 (3d Cir. 2000) (citing *Rycoline Products, Inc. v. C & W Unlimited,* 109 F.3d 883, 886 (3rd Cir.1997); *Mack v. Municipality of Penn Hills,* 547 F.Supp. 863, 868, n. 9 (W.D. Pa. 1982)). The principal of res judicata bars claims that were brought, or could have been brought, in a previous action." *Taylor v. Visinsky,* 534 F. App'x 110, 112 (3d Cir. 2013) *cert. denied,* 134 S. Ct. 2729 (2014) (citing *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir. 2008)); *see also Edmundson v. Borough of Kennett Square*, F.3d 186, 189 (3d. Cir. 1993) ("Claim preclusion, often called res judicata, is broader in effect and prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action."). Under the doctrine of res judicata, a claim is barred if a defendant can demonstrate that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon*

7

*Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

With respect to the first factor, Defendants argue that a final judgment has been entered in the prior suit, and attach to their motion to dismiss the per curiam memorandum opinion of the Commonwealth Court of Pennsylvania, which affirmed dismissal of certain claims but remanded the retaliation claim for further development of the record. *See Horan v. Wetzel, et al.*, No. 1425 C.D. 2013 (Pa. Commw. Ct. 2014). Defendants' res judicata defense relies on an appellate decision affirming some but not all of the trial court's disposition of the claims. "The fact that a case is remanded for further proceedings does not automatically render res judicata attachment inapplicable." *Merrimack Street Garage, Inc. v. General Motors Corp.*, 667 F.Supp. 41, 44 (D. N.H. 1987). Specifically, "a judgment affirmed is final for res judicata purposes as to those parts of the action no longer subject to litigation; that is, determination of a cause of action is final and binding as to matters affirmed by a court of appeals regardless that litigation might continue on some limited matters directly related thereto." *Id.* (citing *Seguros Tepeyac v. Jernigan,* 410 F.2d 718, 727–28, n. 18 (5th Cir.), *cert. denied,* (1969); *Bullen v. De Bretteville,* 239 F.2d 824, 829 (9th Cir.1956), *cert. denied sub nom. Treasure Co. v. Bullen,* 353 U.S. 947, 77 (1957); *Mazaleski v. Harris,* 481 F.Supp. 696, 698 (D.D.C.1979), *aff'd without opinion sub nom. Mazaleski v. Schweiker,* 670 F.2d 1235 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141, *reh'g denied* 456 U.S. 985 (1982); Restatement (Second) of Judgments §§ 13 comment e, 24, 25 comment e & illust. 10–11, *id.* comment f, 26 (1982))[2].

Here, the res judicata bar applies only to those issues affirmed on appeal. All claims

---

[2] The United States Court of Appeals for the Third Circuit looks to the Restatement (Second) of Judgments (1982) for guidance as to res judicata principles. Accordingly, as precedent this Court utilizes decisions from jurisdictions whose law is based on the Restatement (Second). *See, eg., Gregory v. Chehi*, 843 F.2d 111 (3d Cir. 1988).

8

related to or arising from the retaliation claim in the prior suit, which was remanded for further development of the record, are not barred by the doctrine of res judicata. As such, the first *Lubrizol* factor is satisfied to the extent that a final judgment has been entered on the merits with respect to the dismissal of claims affirmed on appeal.

With respect to the second factor, all parties named in the prior suit are currently named in the instant suit. While Defendants Serginski, Warford, Cameron, Mirarchi, Gaile, Dorzinsky and O'Day were not named in the prior suit, it is not necessary for the full roster of named defendants in each action to be identical. *See Coggins v. Carpenter*, 468 F. Supp. 270, 280 (E.D. Pa. 1979) ("Res judicata operates to bar a subsequent action . . . even though the subsequent action names fewer or more parties than the previous action."). Thus, the second *Lubrizol* factor has been satisfied in this case.

Finally, with respect to the third factor, in determining whether a subsequent suit concerns the same cause of action as an earlier one, the analysis does not rest on the specific legal theories invoked, but rather turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). In conducting this inquiry, the analysis focuses on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). Moreover, res judicata bars not only claims that were actually brought in the previous action, but also claims that, "although not litigated, *could have been raised* in the earlier proceeding." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis in original).

Here, while Defendants provided this Court with the per curium opinion from the

Commonwealth Court for Pennsylvania, that opinion does not sufficiently specify which allegations in the complaint the trial court subsequently dismissed for failure to state a claim. Without the opinion rendered by the Court of Common Pleas, this Court cannot determine with reasonable certainty the contours of what claims should be barred by res judicata. Thus, Defendants failed to satisfy the third *Lubrizol* factor.[3]

Accordingly, this Court recommends denial of Defendants' motion to dismiss (Doc. 54) with respect to its res judicata defense.

### C. Conspiracy Claims Pursuant to 42 U.S.C. §§ 1985(2) & 1986

Defendants also seek dismissal of Horan's amended complaint with respect to his claims of conspiracy pursuant to § 1985(2) and § 1986. Section 1985(2) contains two main bases for recovery: intimidating a witness and obstruction of justice. To make out a claim under § 1985(2), a plaintiff must allege either: (1) "a conspiracy to deter by force, intimidation, or threat, any party or witness in any court in the United States from attending such court, or from testifying in any matter pending therein"; or (2) "a conspiracy with the purpose of impeding, hindering, or obstructing, or defeating in any manner, the due course of any justice in any State or Territory, with intent to deny any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). The second half of § 1985(2), which Horan relies on, guards against obstructions of justice "in any State or Territory," which seek to deny another of the equal protection of the laws. 42 U.S.C. § 1985(2). "The language requiring intent to deprive [another] of equal protection indicates that there must be some racial, or perhaps otherwise class-based discriminatory animus behind the conspirators' action." *Burgos v. Canino*, 641 F. Supp. 2d 443,

---

[3] This finding does not preclude or prejudice Defendants from raising this issue with the Court on a later motion for summary judgment should they be able to provide the Court with the aforementioned Court of Common Pleas opinion.

457-58 (E.D. Pa. 2009) *aff'd,* 358 F. App'x 302 (3d Cir. 2009) (quoting *Kush v. Rutledge,* 460 U.S. 719, 726 (1983)). Thus, to establish a claim for obstruction of justice under the latter part of § 1985(2), a plaintiff must allege a "class-based, invidiously discriminatory animus." *Id.* (quoting *Brawer v. Horowitz,* 535 F.2d 830, 840 (3d Cir.1976)).

Here, Horan has failed to allege that defendants conspired to injure and intimidate him because of his race or some other class-based, invidiously discriminatory motive. As such, Horan has failed to state a claim for conspiracy under § 1985(2). Moreover, as Horan has failed to set forth a cause of action under § 1985, his claims pursuant to § 1986 must fail as well. Specifically, "[b]ecause § 1986 claims depend on an underlying violation of § 1985, 'if the claimant does not set forth a cause of action under the latter, its claim under the former must fail also.'" *Burgos,* 641 F. Supp. 2d at 458 (quoting *Rogin v. Bensalem Township,* 616 F.2d 680, 696 (3d Cir. 1980)). Accordingly, this Court recommends granting Defendants' motion to dismiss with respect to Horan's conspiracy claims under § 1985(2) and § 1986.

## IV. PRELIMINARY INJUNCTION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards

for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[4] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ....'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable — not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the

---

[4] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is *irreparable*…. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

However, "there must be 'a relationship between the injury claimed in the party's motion [for a preliminary injunction] and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010)(citations omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *DeBeers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *DeBeers*, 325 U.S. at 220) (footnote omitted). In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters unrelated to the underlying complaint. *Raupp v. Fed. Bureau of Prisons*, No. 06-223, 2006 WL 3332089, at *2 (W.D. Pa. Nov. 16, 2006).

Based on these authorities, it is clear that the Court lacks the authority to grant the Horan's requested injunctive relief. The alleged deprivation of his legal materials by staff at SCI-Graterford while temporarily transferred to SCI-Graterford for a PCRA hearing is entirely unrelated to his retaliation claim against officials at SCI-Frackville arising from the filing of grievances on behalf of fellow inmate, Wayne Liddick. Accordingly, it is recommended that the Horan's motion for injunctive relief (Doc. 88) be denied.

## V. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 54) be **DENIED** with respect to dismissing Plaintiff's claims on the basis of the res judicata doctrine;

2. Defendants' motion to dismiss (Doc. 54), be **GRANTED** with respect to dismissal of Plaintiff's conspiracy claims under § 1985(2) and § 1986;

3. Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 88) be **DENIED**; and

4. This matter be remanded to the undersigned for further proceedings.

BY THE COURT:

Dated: January 16, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK HORAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN WETZEL, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:13-CV-00140<br><br>(CALDWELL, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 16, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **January 16, 2015**　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**