## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,

                Plaintiff,

    v.

ROBERT COLLINS, et al.,

                Defendants.

CIVIL ACTION NO. 1:13-CV-00140

(CALDWELL, J.)
(MEHALCHICK, M.J.)

### REPORT & RECOMMENDATION

       This is a civil rights action initiated upon the Court's receipt and filing of a complaint in this matter by *pro se* Plaintiff Patrick Horan on January 22, 2013. (Doc. 1). Pending before the Court is Defendant C.O. Serginski's motion for judgment on the pleadings. (Doc. 106). For the reasons stated herein, it is respectfully recommended that Defendant's motion be granted and C.O. Serginski be terminated from the instant action.

### I.   BACKGROUND

       Plaintiff Patrick Horan, proceeding *pro* se, filed the original complaint in this matter on January 22, 2013, asserting claims for damages against twenty-four (24) defendants pursuant to 28 U.S.C. § 1983. (Doc. 1). Horan's claims arise from an incident that took place on October 9, 2010, while incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), whereby fellow inmate, Wayne Liddick, was allegedly harassed and injured by two Department of Corrections officials – Defendants Eidem and Hardy. (Doc. 1). Horan alleges that he was retaliated against as a result of filing grievances on behalf of Wayne Liddick in response to the October 9, 2010 incident. (Doc. 1).  Specifically, Horan alleges that he was

subjected to retaliatory harassment in the form of false misconduct reports, mail tampering, institutional transfer, as well as being labelled a "child molester" in the presence of other inmates. Moreover, he claims that he was sexually harassed and placed at risk of assault for being labeled a "child molester."

Defendants filed a motion to dismiss Horan's complaint on April 1, 2013 (Doc. 11), which was subsequently granted in part and denied it in part. (Doc. 47). As part of the disposition of Defendants' motion to dismiss, Horan was granted leave to amend his complaint. (Doc. 47). Consequently, Horan filed an amended complaint, together with a brief in support of his amended complaint. (Doc. 49). On March 25, 2014, Defendants filed a motion to dismiss Horan's amended complaint on the basis that Horan failed to state a conspiracy claim under § 1985(2) and § 1986, and that all claims were barred by the doctrine of res judicata. (Doc. 54). The Court granted Defendants' motion to dismiss with respect to Horan's conspiracy claims, but denied Defendants' motion to dismiss with respect to the issue of res judicata. (Doc. 94).

To date, the remaining claims in this action are as follows:  (1) Plaintiff's First Amendment retaliation claim against Defendant Serginski, Suzadail, Hardy, Covington, and Warford for filing a false misconduct report; (2) Plaintiff's First Amendment retaliation claim against Defendants Collins and Cameron for transferring Plaintiff to SCI-Cresson; (3) Plaintiff's First Amendment and Eighth Amendment claims against Defendants Eidem, Mirarchi, Hardy, Suzdail, and Gaile for referring to him as a "child molester" in the presence of other inmates; (4) Plaintiff's Eighth Amendment claim against Defendant Covington and O'Day for sexual harassment; (5) Plaintiff's First Amendment retaliation claim against Defendants Collins, Dorzinsky and Mirarchi for mail tampering; and (6) Plaintiff's Sixth Amendment and Eighth Amendment claims against Defendants Cameron, Bearjar and Casner for labeling him

"Unassigned- Refusing Program," placing him at risk of assault. (Doc. 94).

Currently pending before this Court is Defendant C.O. Serginski's unopposed motion for judgment on the pleadings. (Doc. 106). This matter is ripe for disposition.

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Granting a 12(c) motion results in a determination on the merits at an early stage in the litigation," and thus, the movant is required "'to clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290–91 (3d Cir. 1988)).

A district court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6).  Thus, when reviewing a  Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.,* 245 F.3d 214, 220 (3d Cir. 2001); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 406 (3d Cir. 1993). This requires a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded

components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011).

Finally, when adjudicating a motion for judgment on the pleadings, the court should generally consider only those allegations contained in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006).

## III.   DISCUSSION

Horan brings a First Amendment retaliation claim against Defendant C.O. Serginski for his purported issuance of a false misconduct report against Horan in retaliation for Horan filing a grievance against Corrections Officer Eidem and Sergeant Hardy for their alleged assault on inmate Wayne Liddick. Horan's only allegation against this Defendant is that on "July 20, 2011, C.O. Serginski issued Plaintiff [a] retaliatory false Misconduct #A191676 that was eventually dismissed." (Doc. 49, at 9). Defendant C.O. Serginski seeks dismissal of Horan's First Amendment retaliation claim against him on the basis that Horan has failed to adequately plead an essential element of a cause of action for retaliation; namely, the adverse action element of a retaliation claim.

In order to establish a *prima facie* case of First Amendment retaliation, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001); *Farrell*

*v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). While filing a false misconduct report may constitute the type of action that would support a claim for retaliation in certain cases, here, the alleged retaliatory action—an issued misconduct charge that was subsequently dismissed—is not sufficiently adverse to deter a person of ordinary fitness from exercising his constitutional rights. Indeed, the Third Circuit Court of Appeals has explicitly held that, absent the imposition of a penalty, a correctional officer's filing of a false misconduct report that is subsequently dismissed does not rise to the level of an "adverse action." *Brightwell v. Lehman,* 637 F.3d 187, 194 (3d Cir. 2011) (*Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir. 2000)) (citation omitted); *see also Bridges v. Gilbert,* 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory charge that is later dismissed is insufficient to serve as the basis of a § 1983 action"). Here, Horan concedes that he was issued a misconduct report that was later dismissed by the hearing examiner. Further, the exhibits referenced in Horan's amended complaint and attached to his brief in opposition to Defendants' motion to dismiss reveal that he did not suffer any penalty arising out of the misconduct. (Doc. 27, at 77). Thus, Defendant C.O. Serginski is entitled to judgment on the pleadings, as Horan's First Amendment claim against Defendant C.O. Serginski is predicated upon an alleged retaliatory misconduct report that was later dismissed.

## IV.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court grant Defendant C.O. Serginski's motion for judgment on the pleadings (Doc. 106), and terminate this Defendant from the instant action.

BY THE COURT:

**Dated: November 23, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK HORAN,

                Plaintiff,

      v.

ROBERT COLLINS, et al.,

                Defendants.

CIVIL ACTION NO. 1:13-CV-00140

(CALDWELL, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 23, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 23, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**