UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


PATRICK HORAN,                          :
          Plaintiff                     :
                                        :   CIVIL NO. 1:13-CV-00140
          v.                            :
                                        :
JOHN WETZEL, *et al.*,                  :
          Defendants                    :


*O R D E R*

          AND NOW, this 5th day of January, 2016, upon consideration[1] of Magistrate

Judge Mehalchick's Report and Recommendation ("R&R"), IT IS ORDERED that:

          (1) Judge Mehalchick's R&R (Doc. 125) is ADOPTED.

          (2) Plaintiff's objection (Doc. 127) is OVERRULED.[2]

          (3) Defendant Serginski's motion (Doc. 106) for judgment on the pleadings is

               GRANTED.

          (4) The Clerk of Court shall enter judgment in favor of Defendant Serginski.

---

[1]      The Court must conduct a *de novo* review of the contested portions of an R&R, *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  The Court, at minimum, should review uncontested portions of an R&R for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

[2]      According to Plaintiff, he alleges in the amended complaint that Serginski retaliated against him for exercising his constitutional rights by denying him access to the law library and religious services, as well as issuing him a false misconduct.  (See Doc. 127 at 2, 3).  As we construe the allegations in the amended complaint, however, Plaintiff solely alleges that Serginski retaliated against him by filing a false misconduct that was ultimately dismissed.  (Doc. 49 at p. 9, ¶¶ 66, 68).  Under Third Circuit precedent, a false misconduct that was ultimately dismissed is not sufficient to meet the adverse-action element of a retaliation case.  *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011)(citations omitted); see *Marten v. Hunt*, No. 08-77, 2011 WL 767815, at *1-*2 (W.D. Pa. Feb. 28, 2011)(citing *Brightwell* and dismissing plaintiff's retaliation claim involving the issuance of a fabricated misconduct that was ultimately dismissed).  Thus, Serginski is entitled to judgment on the pleadings.

(5) The matter is REMANDED to Judge Mehalchick with respect to the

remaining claims and defendants.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge